IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAUL J. ARELLANO, # M-07500,       )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )   Case No. 13-cv-01107-MJR
                                    )
DAVID PUGH,                         )
                                    )
        Defendants.                 )

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Raul Arellano, an inmate currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff is serving an 11-year sentence for attempted murder. He now sues his former criminal attorney, David Pugh ("Attorney Pugh"), for legal malpractice, retaliation, conspiracy, and several constitutional rights violations (Doc. 1, pp. 5-7). Plaintiff seeks monetary damages, including a full refund of his legal fees (Doc. 1, p. 8).

**The Complaint**

According to the complaint and accompanying exhibit,[1] Plaintiff retained Attorney Pugh to represent him in a criminal case in June 2007 (Doc. 1, p. 5). Attorney Pugh represented Plaintiff for 2½ years. Plaintiff paid him in full for his services.

---

[1] An exhibit (Doc. 1-1) filed with the complaint provides most of the underlying factual support for Plaintiff's claims. The exhibit includes an Order issued by the Appellate Court of Illinois – Second District on October 24, 2012 (Doc. 1-1, pp. 1-6) ("Order") and letters from the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC") dated October 20, 2010 (Doc. 1-1, p. 7), April 5, 2013 (Doc. 1-1, p. 10), and April 26, 2013 (Doc. 1-1, pp. 8-9, 11-12).

1

Attorney Pugh represented Plaintiff in connection with attempted murder charges (Doc. 1-1, pp. 1-2). After repeatedly changing his plea, Plaintiff pleaded guilty to attempted first-degree murder (Doc. 1-1, p. 1). He was sentenced to fourteen years of imprisonment.

Acting *pro se*, Plaintiff moved to withdraw his plea and filed a motion to reconsider the sentence (Doc. 1-1, p. 3). He asked the trial court to appoint an attorney to represent him. Attorney Pugh informed the trial court on October 29, 2009, that he was counsel of record but "had not read [the] . . . *pro se* motions, did not concur in them, and would not proceed on either one" (Doc. 1-1, p. 3). After several continuances, Attorney Pugh filed a certificate under Illinois Supreme Court Rule 604(d).[2] He also told the trial court "that the motions were not his, but that [Plaintiff] could address the court if he wished" (Doc. 1-1, p. 3). Plaintiff argued the motions through an interpreter and lost. He appealed, and the appellate court remanded the action because Attorney Pugh's certificate did not comply with Rule 604(d).

Following remand, Attorney Pugh filed a new Rule 604(d) certificate, "almost as a bystander" or "as an officer of the court." He referred to Plaintiff's *pro se* motions but told the court that he would "in no way adopt them." When Plaintiff renewed his request for the appointment of counsel, the trial court denied the request because it considered Attorney Pugh to be his counsel. Attorney Pugh advised the trial court that he was "tainted" as counsel because Plaintiff had filed a complaint against him with the Attorney Registration and Disciplinary

---

[2] Before appealing a judgment entered upon an open plea of guilty, Rule 604(d) requires a defendant to first file in the circuit court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. In addition, the defendant's attorney must file a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain the defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings and the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. *See* Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

Commission of the Supreme Court of Illinois ("ARDC"). The trial court granted Plaintiff additional time to file whatever motions he wanted but did not appoint new counsel.

Plaintiff filed new *pro se* motions, and Defendant Pugh filed yet another Rule 604(d) certificate, this time noting that Plaintiff's motions were filed *pro se* (Doc. 1-1, p. 4). Defendant Pugh told the trial court that he was not adopting the motions but had consulted with Plaintiff to ascertain his contentions of error. Both of plaintiff's motions were denied.

On appeal, Plaintiff argued that he was entitled to a new hearing on the post-plea motions because his retained attorney refused to represent him as required under Rule 604(d) (Doc. 1-1, pp. 1-2). The appellate court agreed and reversed the trial court's decision in an Order dated October 24, 2012. Following the issuance of this Order, the ARDC concluded in a letter dated April 26, 2013, that "there [wa]s not a sufficient basis for further action by this Commission" (Doc. 1-1, pp. 8-9).

Plaintiff now brings this action against Attorney Pugh under 42 U.S.C. § 1983 for legal malpractice, conspiracy, retaliation, and numerous constitutional violations (Doc. 1, pp. 5-8). Plaintiff alleges that Attorney Pugh provided him with ineffective legal representation from the beginning (Doc. 1, p. 5). When Plaintiff complained to Attorney Pugh and later to the ARDC, Attorney Pugh became increasingly ineffective (Doc. 1, pp. 5-6). Plaintiff claims that Attorney Pugh acted under color of state law when he violated Plaintiff's rights (Doc. 1, p. 5). Plaintiff sues Defendant Pugh in his individual and official capacities for monetary damages, including a refund of legal fees (Doc. 1, pp. 5, 9).

**Merits Review Under § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen

prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). After fully considering the allegations in the complaint, the Court concludes that it fails to state any cognizable claim and shall be dismissed.

After carefully considering the allegations in the complaint, the Court finds that the complaint fails to state any claim upon which relief can be granted under 42 U.S.C. § 1983. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Further, it is well-settled that a plaintiff cannot

proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice because such an attorney does not act "under color of state law." *Id.* at 324-25; *see also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995).

Plaintiff asserts numerous claims against a single defendant, Attorney Pugh. According to the complaint, Attorney Pugh is a privately retained attorney (Doc. 1, pp. 1-2). As such, he is certainly not a state actor who is subject to suit under § 1983. Therefore, Plaintiff cannot proceed on *any* of his claims against Attorney Pugh in this § 1983 action.[3]

Moreover, Plaintiff's primary claim is for legal malpractice. These claims belong in state court. While this Court expresses no opinion on the merits of this, or any other, claim asserted by Plaintiff, the complaint shall be dismissed without prejudice to Plaintiff pursuing a claim for possible relief under state law should he wish to do so.

**Pending Motions**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which is **DENIED**.

Plaintiff's motion for service of process at government expense (Doc. 4) is also **DENIED**.

**Disposition**

**IT IS HEREBY ORDERED** that Defendant **PUGH** is **DISMISSED** from this

---

[3] Plaintiff has not established jurisdiction based on "diversity of citizenship." *See* 28 U.S.C. § 1332. To do so, he must present claims between parties of diverse citizenship that exceed the required jurisdictional amount. *Id.* According to the allegations in the complaint, Plaintiff is an Illinois prisoner, and Attorney Pugh is an Illinois attorney. Plaintiff has neither attempted to invoke § 1332 jurisdiction in the complaint, nor would his attempt have been successful.

action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 20, 2013**

                                              s/ MICHAEL J. REAGAN
                                              United States District Judge